The opinion of the court was delivered by
Miller, J.
The plaintiff appeals from the judgment dismissing his suit to compel payment by defendants of check held by them of the insolvent corporation, represented by plaintiff, as receiver.
The petition charged in substance the organization of the corporation, the Dupuis Refining Company, with a capital of forty-five thousand dollars, with three corporators, the two defendants, Adams, Rice and Dupuis; that Dupuis was permitted to pay his stock subscription in the formula for the proposed manufacture, the two defendants were credited on their subscription with services claimed to have been rendered in forming the corporation and claim to *1351 have paid, or satisfied the residue of their subscriptions; that the corporation subsequently bought from Dupuis his stock, thereafter ■changed its name to the Excelsior Refining Company, resolved that its capital be increased to one hundred thousand dollars, and the petition charges that with no actual contribution the two defendants donated and issued to themselves the fifteen thousand dollars ■of the stock purchased from Dupuis; the subsequent creation of debts by the corporation is averred still unpaid, and to provide for these debts, tbe relief sought by the receiver is, that each of the defendants be condemned to pay that part of their original stock subscriptions not paid in cash and the entire amount of the stock issued to themselves afterward, and for which no payment was made. The answer is, in effect, that the subscription to the stock was satisfied, that the defendants being sole corporators had the right to ■divide the stock purchased by the corporators from Dupuis, that its issue to defendants produced no liability, as the stock was paid for by Dupuis in the value of the formula, and as a further defence the answer charges that when the Dupuis stock was divided and issued there were no debts due by the corporation, and hence it is claimed the defendants are under no liability to contribute for the satisfaction of corporate debts, alleged in the petition and created since the division and issue of the Dupuis stock.
The discussion in defendants’ brief in reference to the asserted full payment by them of their stock originally subscribed for requires no attention. They claim that subscription left no liability to creditors although not wholly paid. In argument here, it is alleged liability for the Dupuis stock, fifteen thousand dollars, that is asserted against the defendants. The serious question is as to the effect of issuing to defendants, without any.payment, these one hundred and fifty shares of stock, purchased by the company of one of its shareholders. Whether issued originally or after the purchase, can the ■shareholder partake of any issue by the corporation or acquisition from it, of shares of stock, without incurring liability to the corporate creditors.
In this case there is the agreement to increase the stock from forty-five thousand dollars to one hundred thousand dollars, and the required announcement to the public. Then follows the issue to defendants of one hundred and fifty . shares, without payment. Thereafter the corporation creates debts, and defendants’ proposi *1352 tion that there is no liability to creditors for the stock held by them without paying for it.
It is urged on us by defendants that the one hundred and fifty shares had been paid for by the subscriber to whom it had issued, before the increase; that the stock was purchased by the corporation, and hence defendants, the sole corporators, had the right to-divide it without any resulting liability to creditors. This position is sought to be supported by treating the stock purchased as property which corporators can divide, if the corporation is solvent. No-right, if any creditor is concerned or invaded when such a division occurs. But instead of a division of property, we have in this case the division of purchased stock, which, by the purchase, was canceled and remained canceled for all purposes, until reissued. Morawitz,. Secs. 112, 114. This is the well defined result when the corporation purchases its stock. The purchase is an unauthorized use of the-corporate funds, but when permitted to stand or is unassailed, the purchase simply extinguishes the stock and increases the rights of the remaining stockholders. This division or donation of the purchased stock was not, in any sense, a distribution of corporate property, and hence the transaction is not within the protection the law gives to the division of corporate property between corporators, of a solvent corporation.
In this case there was no subscription by defendants to the one hundred and fifty shares. It is, however, well settled that the accepting certificates of stock, or claiming the benefits of shareholders, is enough to create the liability of shareholding. In this case certificates for the shares were issued to the defendants in accordance with the donation to themselves, as we find it expressed in their testimony. That holding made them shareholders as effectively as if they had formally subscribed. Morawitz, Sec. 128 at seq. It was the issue to themselves of the shares of the stock of the corporation organized with the announcement to the public of its five hundred thousand dollars of capital. The contract to pay for the stock the law implies from that issue. Upton vs. Tribilcock, 91 U. S. 47, 48.
The liability of the shareholder to pay for the shares is deemed contracted in the interest of all who may become creditors of the corporation. The corporate franchise is conferred by the State, but on the condition there shall be a capital subscribed and paid for, and. *1353 the chief purpose of the requirement is to guard the public against, fictitious corporations, and to secure a fund for those who become the corporate creditors. Because of this interest of creditors, the-subscribers to the capital stock must be paid in cash or its equivalent,, and no agreement varying this obligation between the subscriber and the corporation will be of the least validity, as respects the corporate creditors. The liability for the stock, whether created by actual subscription or receiving certificates from the corporation, or by any other mode of dealing with the corporation, of equal significance, can not be discharged, except by payment. In the language of the authorities the liability of shareholders to the corporation for their stock is treated as a trust fund for creditors, and the courts will enforce the trial through the receiver, or other appropriate method. Cook, Stock and Stockholders, 3 Ed.; Sec. 309; Upton vs. Tribilcock, 91 U. S. 47, 48.
In our view the defendants incurred the liability of shareholders when they took the fifteen thousand dollars of the stock purchased, and afterward reissued to them by the corporation, and that liability subsists in favor of creditors. Nor is it of the least consequence there was no corporate creditors when that issue was made. The shareholder’s liability for unpaid stock received for the corporation is to future as well as subsequent creditors.
But the receiver’s suit against shareholders for the amounts due-on their stock is in the interest, of creditors, and the recovery is-limited by the debts of the corporation to be satisfied. In this ease the unpaid corporate debts, as well as we can ascertain from the record, and in the absence of any indication of the briefs, is far less than fifteen thousand dollars claimed by the receiver from the de - fendants. We think the judgment in his favor should be restricted to an amount sufficient to pay the corporation debts and the costs and expenses of this appointment and liquidation of the receiver, and to fix the amount and to give judgment the case will be remanded.
It is therefore ordered, adjudged and decreed that the judgment of the lower court be avoided and reversed, and that the case be remanded for further proceedings in accordance with this opinion and decree, and that defendants pay costs.