(38 South. 591.)

No. 15,450.

CALCASIEU NAT. BANK v. GODFREY.[*]

(April 24, 1905.)

CORPORATIONS—ACTION AGAINST STOCKHOLD-
ERS—REVOCATORY ACTION—PARTIES
—ASSETS.

1. Plaintiff seeks to set aside acts entered into by one of the shareholders of a corporation, on the one hand, with the corporation in which he owns these shares, on the other.

---

*Rehearing denied May 22, 1905.

2. Plaintiff is a creditor of the corporation in question, and the shareholder is the debtor of plaintiff. Plaintiff charges fraud, and, from the point of view of a creditor, legal fraud is chargeable. The action in its nature is revocatory, and can be sustained only under the articles of the Code relating to the revocatory action.

3. In such an action the parties to the acts attacked must be made parties to the suit.

4. The amount sought to be recovered, if due, is due to the corporation of Wood & Co., and not exclusively to plaintiff. The property must be brought back contradictorily with the parties in interest, and placed in the mass of property owned by the corporation, in order that it may be distributed among all the creditors. All the shareholders and creditors are interested in proportion to their shares or their claims.

(Syllabus by the Court.)

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Edmund Dennis Miller, Judge.

Action by the Calcasieu National Bank against E. R. Godfrey. Judgment for defendant, and plaintiff appeals. Action dismissed.

McCoy & Moss, for appellant. Pujo & Moss, for appellee.

BREAUX, C. J. The Calcasieu National Bank sued the defendant, Godfrey, to recover judgment against him in the sum of $2,575.30, with interest.

The following are the grounds of action which the plaintiff sets up:

That it is a judgment creditor of the corporation of S. W. Wood Company, Limited, in the sum before mentioned, and interest. That upon its judgment it sought to seize property of the corporation. That it met with failure, as shown by the sheriff's return upon the writ, viz., nulla bona.

That the only assets the concern has are amounts claimed by plaintiff as due by defendant and other stockholders upon the unpaid portion of subscriptions to its capital stock.

Plaintiff selected defendant, Godfrey, as one of the number of those alleged stockholders, and insists that he should be made to pay it (plaintiff) the difference between the value of the property he delivered and turned over for the stock and the par value of the stock, and plaintiff avers that Godfrey is indebted to the Wood Company in a balance of $12,600 unpaid upon his stock, in number, 206 shares, which plaintiff alleges are worth par value of $100 each.

The property conveyed by Godfrey for the shares consisted of his undivided interest in land which plaintiff says was worth at the date of the conveyance and since the sum of $8,000.

The whole property of which the one-third in question forms a part was mortgaged at the date of said conveyance for the sum of $22,000, plus some interest, less certain credit.

It appears that in the transaction the S. W. Wood Company, Limited, assumed to pay this mortgage; and it further appears from the allegations of plaintiff's petition, taken as true for the determination of the issues before the court on the exception, that Godfrey, the stockholder, had not settled the entire amount due on the stock he holds in the Wood Company. We deal with that question from that point of view.

Plaintiff attacks the transaction between the defendant stockholder and the S. W. Wood Company, Limited, in accepting the property in exchange for the stock, on a partly fictitious value, and in the assumption of the mortgage indebtedness resting on the property, as a fraud upon the rights of creditors. Plaintiff avers that Godfrey is not entitled to a larger credit upon the subscription list of Wood Company for anything over the real value of his interest in the property he conveyed, as before mentioned.

Plaintiff specially sets up its right to sue and sustain its action to set aside the whole transaction to the extent that it is prejudicial to its interest as a creditor.

The statement of plaintiff further is that

the defendant, pursuing a line followed to evade payment of its claim, bought the interest of the mortgagee of Wood & Co.; that he was himself one of the makers of the note, and bound in solido; that he was bound for the payment of the whole mortgage; that he then foreclosed by executory process upon the property mortgaged, and bought it at the sheriff's sale.

The result was, as contended by plaintiff, that defendant bought property for a comparatively small amount to which he is not entitled; that this included by far the largest portion of all the assets of the company.

Defendant interposed the exception of no right and no cause of action. This exception was sustained by the court, and plaintiff's suit was dismissed.

At the threshold of the case on appeal, plaintiff is confronted with the proposition that it has no cause of action against a stockholder for an unpaid subscription of stock.

We have arrived at the conclusion that, whatever may be plaintiff's right, it has no right or cause of action to recover a judgment against the debtor of its debtor.

The right of action, if it exists, cannot be exercised independently of the indebted corporation.

Plaintiff cannot stand in judgment without making the corporation of Wood & Co. a party to the suit; nor can it obtain a judgment decreeing it to be entitled to the whole amount of its claim, without taking claims of other creditors into account.

It will be borne in mind that plaintiff does not sue for a balance due on shares not paid by the original stockholder.

The balance due, if it exists as an indebtedness of the defendant shareholder, can only be gotten at by looking into the dealings between the corporation Wood & Co. and the holder of the certificate of shares. The value of the property must be established, and questions considered which are similar to a revocatory action. To the extent that the action is revocatory, the corporation must be made a party.

The corporation is alive enough to be made a party. It cannot be entirely ignored. Its contracts cannot be passed over as fraudulent without making the corporation one of the parties defendant.

The court may notice sua sponte that the corporation is not a party. No judgment could be rendered settling rights of parties unless it also is before the court.

If there is a balance due, as alleged, after having ascertained the amount it must be paid for the benefit of all concerned.

Plaintiff asks that it be paid to him to an amount to satisfy his claim. At any rate, in the present state of affairs, as made to appear by the petition, we are not of the view that this can be done. The amount is due to the corporation, and not to an individual creditor of the corporation.

It is ordered, adjudged, and decreed that plaintiff's action be dismissed.