114  996
f119  127
119  128

(38 South. 763.)

No. 15,468.

S. M. JONES CO. et al. v. HOFFMAN et al.*

(May 8, 1905.)

CORPORATIONS—INSOLVENCY—ACTION AGAINST STOCKHOLDERS—UNPAID SUBSCRIPTIONS—PARTIES.

Several distinct creditors of the Home Oil Development Company, Limited, joined in a suit alleging that they had each obtained a judgment against it, and had caused writs of fi. fa. to issue, which had been returned nulla bona. That certain persons (whom they named) were stockholders in the corporation, and had not paid their subscriptions. They prayed that these persons be cited, and that they have judgment against them in solido, and that the moneys received under such judgment be applied to the payment of the plaintiffs and such other creditors as might elect to join in

*Rehearing denied June 5, 1905.

the suit. The corporation and its board of directors were not made parties. *Held*, that an exception of misjoinder of plaintiffs and also misjoinder of defendants was properly sustained, as was also (for reasons assigned) an exception of "no cause of action."

(Syllabus by the Court.)

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Edmund Dennis Miller, Judge.

Action by the S. M. Jones Company and others against J. H. Hoffman and others. Judgment for defendants. Plaintiffs appeal. Affirmed.

Hardy & Hardy, McCoy & Moss, and Charles Ernest Wooten, for appellants. Schwing & Moore, for appellees.

### Statement of the Case.

NICHOLLS, J. The E. M. Jones Company, Heywood Bros., Dobbins Ironworks, and John Murphy join as plaintiffs, suing a number (though not all) of the stockholders of the Home Oil & Development Company, Limited. They allege that each of them had obtained judgment against that company, had issued execution, which had been returned nulla bona, after the president had been called upon to point out property; that the stockholders named as defendants (and others) owed for their shares of stock; and they asked for judgments in their own favor against them in solido. They did not make the debtor corporation or its board of directors parties.

The defendants pleaded misjoinder both of plaintiffs and defendants. That exception having been overruled, they pleaded no right of action and no cause of action. That exception was overruled as to the form of the action, but otherwise referred to the merits. The defendants, under reservation of the exceptions, answered, setting up various defenses.

On trial judgment was rendered in favor of the plaintiffs. A motion for a new trial was granted, and the judgment so rendered was set aside. Thereupon the case was resubmitted on the same pleadings, exceptions, and evidence, and the district court sustained the exception of no cause of action, and dismissed the suit. The plaintiffs have appealed. An examination of the pleadings becomes necessary.

The plaintiffs set out that certain parties (naming them) are indebted severally and in solido to petitioner the E. M. Jones Company in the full sum of $6,046, with interest and costs, as evidenced by the judgment in the suit of the E. M. Jones Co. v. Home Oil & Development Co., No. 4374, of the records of the court; unto Heywood Bros. and Dobbins Ironworks in the full sum of $1,053.57, with interest and costs, as evidenced by judgment in a certain suit entitled "Heywood Bros. and Dobbins Ironworks v. Home Oil & Development Company," No. 5,021 of the records of the court; and unto John H. Murphy in the sum of $854, as evidenced by judgment in a certain suit entitled "John H. Murphy v. Home Oil & Development Co.," No. 4,733 on the civil docket of the court. That all of said petitioners are judgment creditors of the Home Oil & Development Company and all of the said above-named defendants are stockholders in the corporation known as Home Oil & Development Company, and as such stockholders they are indebted unto said corporation and unto the judgment creditors thereof for stock sold and issued to each of them, for which they have not paid the full purchase price, and are now indebted unto said corporation and unto the judgment creditors of the corporation for the remaining portion due said corporation, which amount due by each of these defendants far exceeds the amount due unto petitioners collectively; and that petitioners, as judgment creditors of Home Oil & Development Company are entitled to recover judgment from the defendants severally and in solido for the amount of their respective judgments. That each of them have caused

a writ of fi. fa. to issue upon their respective judgments, which writs were placed in the hands of the sheriff of Calcasieu parish, who made demand upon the Home Oil & Development Company, through its president, Samuel J. Johnson, for the payment of each of said writs, and upon his refusal to pay same he made demand upon him to point out certain property belonging to the corporation, to be seized, which he failed and refused to do; and the sheriff not knowing of any property belonging to the corporation subject to seizure, and after making diligent search, and being unable to find any, made his return accordingly. That the only valuable asset of said corporation to the knowledge of petitioners is the indebtedness due unto the corporation by the above-named defendants severally for the unpaid purchase price of the stock subscribed, purchased, and issued to them, respectively, and for which the said defendants and stockholders have only paid a small portion of the face value thereof, and are still liable upon the contracts and obligations of said corporation for the unpaid portion due upon said stock.

That as judgment creditors of the Home Oil & Development Company they have an interest and a legal right to force and collect the only valuable asset belonging to the corporation, and have same applied to the payment of their judgments, and also that any other judgment creditors who may desire to join this suit and assist in the prosecution thereof for the benefit of the judgment creditors of the Home Oil & Development Company pro rata to the payment of the respective judgments in favor of petitioners.

That there may be other stockholders of the Home Oil & Development Company who are liable for the unpaid portion of stock issued to and held by them, but, not having access to the books of the corporation, and having been refused said information by the officers of the corporation who have control of the books, they are unable at this time to make said parties defendants herein, but reserve the right to sue any additional stockholders in a proper proceeding after learning their identity. And petitioners further demand that the defendants be required to produce all of the books of said Home Oil & Development Company in court within 10 days after service of citation herein, for the inspection of petitioners and each of them, and of any other judgment creditors of the Home Oil & Development Company who may join as parties plaintiff in this suit.

The prayer of the petitioners was as follows:

"The premises considered, petitioners pray that the said defendants [naming them] each be cited to appear and answer hereto, and served with a copy hereof, and after the expiration of all legal delays and due proceedings had they do have judgment against the defendants both severally and in solido and in favor of the S. M. Jones Co. for the sum of six thousand and forty-six and $6/100$ dollars, with interest and costs, as provided in the judgment in a certain suit of the S. M. Jones Company vs. Home Oil & Development Co., No. 4,734 of the records of the court, and in favor of Heywood Brothers and Dobbins Ironworks in the full sum of one thousand and fifty-three and $57/100$ ($1,052.57) dollars, with interest and costs, as provided in the judgment of Heywood Brothers and Dobbins Ironworks vs. Home Oil & Development Company, No. 5,021, in the full sum of eight hundred and fifty-four ($854) dollars, with interest and costs, as provided in the judgment of John H. Murphy vs. Home Oil & Development Co., No. 4,733 of the records of the court, and all costs of this proceeding; that the proceeds collected upon this judgment be applied pro rata to the payment of the judgments in favor of petitioners; and for full and general relief."

### Opinion.

The issues submitted for decision resemble in many legal respects those raised and recently passed upon by this court in the case of the Calcasieu National Bank v. E. R. Godfrey, 38 South. 591, and they must be determined in the same way. The plaintiff in this suit, judgment creditors of the Home Oil & Development Company, Limited, seek to obtain a personal judgment for the amount of their judgments which they hold against some few of its individual stockholders, claiming that they have not paid to it the full

amount of their subscription to stock. In the brief filed in their behalf they say that:

"The only asset owned by the corporation consists of the amounts owing to it by its stockholders on the unpaid portion of the purchase price of the stock held and owned by them; that they have a legal interest in and a legal right to enforce and collect the only valuable assets belonging to the corporation, and to have the same applied to the payment of their judgments, and also to any other judgment creditor of said corporation who may desire to join in the suit and assist in the prosecution."

In order to obtain judgments against the defendants, they must be shown to be personal debtors of the plaintiffs, but they are not such. The stockholders of the corporation are not the direct personal debtors of the individual creditors. Article 437 of the Civil Code declares that what is due to a corporation is not due to any of the individuals who compose it, and vice versa. A creditor of a corporation cannot compel any of the members thereof to pay what may be due to him by the corporation. He can demand his payment of the corporation only through their president, syndic, or attorney in fact, and he can seize no other effects but such as belong to the corporation.

If the defendants have not paid their subscriptions to stock, their obligation to pay them is to the corporation, and the party legally authorized to enforce that obligation is the corporation itself, through those who have the legal authority to represent it. It is the duty of the governing authorities of the corporation to require payment of the subscription to stock under the charter, and the parties in interest have the right (should they delay doing so) to insist upon and call for the performance of this duty. Failing so to do, recourse may be had to the judiciary in aid of that right and the performance of that duty. Plaintiffs say that it has been suggested that the proper remedy open to them is under section 688 of the Revised Statutes, which, referring to corporations, declares that they shall forfeit their charter for insolvency, evidenced by a return of no property found on execution, and in such a case it shall be the duty of the District Court at the instance of any creditor to decree such forfeiture and to appoint a commissioner for effecting the liquidation, whose duty it shall be to convert all the assets of the company, including any unpaid balances due by stockholders on their shares into cash, and to distribute the same under the direction of the court among the parties entitled thereto in the same manner, as near as may be, as is done in cases of insolvency of individuals. "But," they ask, "is that the only remedy?"

The question submitted to us is not whether that particular remedy is the only one, but whether the particular remedy which plaintiffs have had recourse to is authorized. It is not claimed that the defendant corporation is not equipped with a president and board of directors, or that they have done anything which has incapacitated them from representing it judicially. It is obvious that they and the corporation are legally interested in any proceeding by which they would be shorn of their power and authority and the same should be transferred to third parties acting in their own individual names for their individual benefit in a collateral proceeding directed against their stockholders personally without their having been made parties to such a proceeding. They are certainly entitled to a hearing in a proceeding of that character, and to urge any defense which they have to such a course. Baker v. Louisiana Portable R. R. Co., 34 La. Ann. 757. It may well be that the sufficiency of the sheriff's returns upon the writs of fi. fa. may of themselves furnish grounds for contest. If true it is that the defendant is insolvent (as plaintiffs claim it is), the proper result should not be for individual creditors to institute individual actions inuring to their separate benefit and advantage, but that the affairs of the corpo-

ration should be placed in liquidation in the hands of some officer or officers acting in the interest of and for the benefit of all parties concerned. Insurance Co. v. Walle, 105 La. 96, 29 South. 503.

Assuming that individual creditors are authorized to institute actions looking to bringing about such a result, that course has not been pursued here. The ultimate consequence of plaintiffs' action, were it held justified, would be to throw funds belonging to the corporation for general account of all the creditors into their personal possession under judgments in their own separate favor, to be applied at once to the payment of their respective writs, unless some particular creditor or creditors should happen to become aware of the proceeding and intervene by third opposition to prevent that result. It is true that under certain circumstances creditors are authorized to avail themselves of and exercise the rights of their debtor, but where, for the exercise of the latter's rights, it is necessary that actions be brought by him against third persons on a right of action belonging to himself, the creditors' actions should be carried on acting on the right of action belonging to him, and not directly on their own against him. Civ. Code, arts. 1021, 1991; Code Napoleon, arts. 1166, 1167. Dalloz and Vergé, Codes Annotés, under those articles. This is specially the case where the funds which the individual creditors seek to have collected are funds held in trust for the payment of creditors generally, and not to be applied to the payment of particular creditors.

We are of the opinion that the present action cannot be maintained, and that it was properly dismissed.

As it may be brought hereafter in different form, it may be well for us to express an opinion on the exceptions of misjoinder which were filed by the defendant in the district court. We are of the opinion that in a suit brought with the object sought to be attained, the exception of misjoinder of plaintiffs as well as the exception of misjoinder of defendants should have been maintained. When the object of a suit is to bring about a single result, which several different persons have a common interest to accomplish, defendant having no reason, so far as that result is concerned, to distinguish between the right of the different plaintiffs, the joinder of several plaintiffs has been permitted. So, also, different persons have been permitted to be joined as defendants when the object of the suit is to bring about a single result which each defendant has an interest in common with all the others to resist and have determined at one and the same time; but the present proceeding is in reality three different plaintiffs, each pursuing his own separate and distinct rights against a number of defendants, each having separate and distinct rights, obligations, and defenses. A proceeding of this character, if permitted, would inevitably lead up to delays, confusion, and complications, and therefore should not receive judicial sanction and encouragement. We think the defendants were justified in objecting to the joining with them in one suit of so many defendants in whom they have no concern legally.

For the reasons herein assigned, it is hereby ordered, adjudged, and decreed that the judgment appealed from be, and the same is, affirmed.