(43 South. 980.)

No. 16,439.

WINTERHALER v. HOFFMAN et al.

(May 13, 1907.)

PARTIES—MISJOINDER.

Where the receiver of an alleged insolvent corporation sued 40 different stockholders for different sums of money alleged to be due by them respectively for the unpaid purchase price of stock acquired under different circumstances, *held*, that the suit was properly dismissed on an exception of misjoinder of parties defendant. Jones Co. v. Hoffman et al., 38 South. 763, 114 La. 996, reaffirmed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Parties, §§ 31, 32; vol. 12, Corporations, §§ 226, 405.]

(Syllabus by the Court.)

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Edmund Dennis Miller, Judge.

Action by Charles H. Winterhaler against John H. Hoffman and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Hardy & Hardy, McCoy & Moss, and Charles Ernest Wooten, for appellant. Schwing & Moore and Jerry Dee Cline, for appellees.

LAND, J. The petition represents in substance:

That the plaintiff was duly appointed and qualified as receiver of the Home Oil & Development Company in October, 1905, and that among the powers conferred on him was special authority to collect all sums of money due said corporation on stock subscriptions or unpaid portions of the purchase price of stock already issued.

That the receiver had sold all of the tangible property and assets of said corporation, of which he came into possession, and that the sales had realized the sum of $850, out of which he had paid costs of administration, amounting to $81.71, leaving a balance in his hands of $768.29.

That there was no other property belonging to said corporation, except certain amounts due by stockholders on purchases of stock.

That the corporation was indebted unto judgment and other creditors in the aggregate sum of $19,430.90, as per detailed statement set forth in the petition.

That the corporation was insolvent, and the creditors were entitled to collect their claims out of the unpaid portion of subscriptions or of purchases of stock owing by its stockholders.

That the authorized capital stock of said corporation amounted to 100,000 shares, of the par value of $1 per share, and that John H. Hoffman and the other defendants were each indebted unto said corporation in certain specified sums on account of subscriptions and purchases of shares of stock.

The prayer of the petition is for judgment jointly against the numerous defendants for

separate sums of money, ranging from $34,-000 to $66.66. The defendants represent about 99,629 shares of stock. Among the defendants are several alleged transferees of stock from previous holders, knowing that the stock purchased had not been fully paid for, a husband who had bought shares in the name of his wife, a father who had purchased shares in the name of his minor children, and a stockholder who had subscribed for 30,000 shares, of the par value of $30,000, and paid for the same in a tract of land, known to be worth only $10,000.

All of the defendants, except Hoffman, pleaded misjoinder, and it was admitted that some of the defendants have different defenses based upon different contracts, and that there was a conflict of interest between the defendants.

The plea of misjoinder was sustained, and the plaintiff has appealed.

In the case of S. M. Jones Co. v. Hoffman et al., 114 La. 996, 38 South. 763, several judgment creditors of the Home Oil & Development Company sued several stockholders of the same corporation on the same causes of action set up by the receiver in the present suit. This court held that, in case of an insolvent corporation, individual creditors should not be permitted to sue the debtors of the company for their separate benefit and advantage, but that the affairs of the corporation should be placed in liquidation in the hands of some officer or officers acting in the interest of and for the benefit of all parties concerned; citing Insurance Co. v. Walle, 105 La. 89, 29 South. 503. The court also held that there was a misjoinder of parties plaintiff and of parties defendant.

After the decision of said suit the judgment creditors of the corporation caused the present receiver to be appointed, pursuant to the provisions of Act No. 159, p. 312, of 1898.

It is evident that if there was a misjoinder of defendants in the suit of Jones Co. v.

Hoffman, there is also a misjoinder of defendants in the suit at bar. The substitution of the receiver for the creditors cannot affect the question of the misjoinder of the defendants. As to the stockholder who is alleged to have exchanged land for stock, the action is revocatory in its nature. Calcasieu National Bank v. Godfrey, 114 La. 874, 38 South. 591. And it may be said as to all the other defendants, who are alleged to have paid in money one-third of the par value of the stock issued to them, the action is one to set aside the issue of the stock as made in fraudem legis. Plaintiff is seeking to recover separate judgments against different defendants, each having separate and distinct rights, obligations, and defenses. As this court said in Jones Co. v. Hoffman, 114 La. 1004, 38 South. 763:

"A proceeding of this character, if permitted, would inevitably lead up to delays, confusion, and complications, and therefore should not receive judicial sanction and encouragement."

In this state there is no distinction between law and equity. In other jurisdictions a receiver or assignee in bankruptcy may sue to recover the amounts due by stockholders by bill in equity, making all the delinquent shareholders parties to the bill, and this remedy is granted largely for the purpose of enforcing a proportional contribution among the stockholders. Cook on Corporations, 208–211; 10 Cyc. 653–657.

In Sanger v. Upton, Assignee, 91 U. S. 62, 23 L. Ed. 220, the court said:

"The assignee might have filed a bill in equity against all the delinquent shareholders jointly. Ogilvie et al. v. Knox Insurance Co. et al., 22 How. (U. S.) 380, 16 L. Ed. 349. But, if the company is utterly insolvent, in any event a separate action at law in each case is much to be preferred. It is cheaper, more speedy, and more effectual. If the contingency should occur that the assets realized exceed the liabilities to be met, the district and circuit courts will see that no wrong is done to those adversely concerned."

Act No. 159, p. 312, of 1898, furnishes an adequate remedy to creditors of embarrassed

or insolvent corporations through the appointment of receivers authorized to take charge of the property and effects of the corporation and to liquidate its affairs.

In Belknap, Receiver, v. Adams and Rice, 49 La. Ann. 1350, 22 South. 382, the action was to recover unpaid subscriptions. The defense was that the stock had been paid for in services and otherwise. There was no exception of misjoinder. The court held that the defendants were liable for $15,000 for stock purchased or subscribed, but that the judgment should be restricted to an amount sufficient to pay the corporation debts and the costs and expenses of the receivership. The cause was remanded for the purpose of ascertaining and fixing the contribution owing by the defendants. From our imperfect understanding of the practice in other jurisdictions, equity proceedings are resorted to for the purpose mainly of ordering the assessment of shares and of fixing the pro rata contributions of the stockholders. This is a remedy which is effective where there is no dispute as to the liability of the stockholders and all of them are solvent. When, however, such liability is disputed, or some of the stockholders are insolvent, the fixing of the contributions in advance is merely provisional. In the case at bar the action is not for the purpose of ordering assessments or fixing contributions, but to recover separate judgments against different stockholders on divergent grounds of liability.

We do not think that such a joinder of defendants is permissible under any system of pleading and practice. Each stockholder should have been sued separately. It will be time enough to consider the question of contribution when it shall become apparent that more money will be realized than is required for the payment of all the debts of the corporation and the expenses of the receivership.

Judgment affirmed.