(115 So. 273)

No. 26695.

AURIENNE et al. v. MT. OLIVET, Inc., et al.

Nov. 28, 1927.   Rehearing Denied Jan. 18, 1928.

*(Syllabus by Editorial Staff.)*

1. **Descent and distribution** ⬦⟿72—**Succession; heir may accept or renounce succession, and renunciation terminates heirship (Civ. Code, arts. 997, 1014, 1018, and 1022).**

Heir or devisee may either accept or renounce a succession, under Civ. Code art. 997, and heir who renounces ceases to occupy position of heirship, under articles 1014, 1018, and 1022.

2. **Descent and distribution** ⬦⟿72—**Succession; forced heirs held not entitled to contest ancestor's renunciation of succession on ground of mental incompetency, where petition merely alleged ancestor was not in sound mind at time, due to intemperance (Civ. Code, art. 403).**

In suit by forced heirs of one who renounced succession against one holding under beneficiary of act of renunciation, petition averring that plaintiffs' father was not "in sound mind at time" of renunciation, "due to over indulgence in strong drink," *held* not to state cause of action as attack on renunciation on ground of insanity, under Civ. Code, art. 403, which provides that after death validity of deceased's acts cannot be contested for insanity unless interdiction was pronounced or petitioned for previous to death, except where mental alienation appeared within 10 days before death or proof thereof resulted from act contested.

3. **Descent and distribution** ⬦⟿72—**Succession; as against one holding under beneficiary of act of renunciation, forced heirs of ancestor renouncing succession, not entitled to contest renunciation on ground of ancestor's incompetency, held without interest in property affected (Civ. Code, arts. 997, 1014, 1018, 1022).**

Where act of heir in renouncing succession in favor of sister was not subject to attack on ground of heir's incompetency at suit of his children as forced heirs, under Civ. Code, art. 403, renunciation was valid and children acquired no interest in property, under Civ. Code, arts. 997, 1014, 1018, 1022, as against one holding under beneficiary of act of renunciation.

4. **Descent and distribution** ⬦⟿72—**Succession; forced heirs of ancestor renouncing succession held not entitled to accept it as creditors (Civ. Code, art. 1021).**

Forced heirs of ancestor renouncing succession in sister's favor *held* not entitled to recover legitime as against one holding under sister, under Civ. Code, art. 1021, permitting creditors of heir who renounces inheritance to prejudice of their rights to accept in name of debtor, since right is restricted to creditors.

5. **Descent and distribution** ⬦⟿119(2)—**Succession; creditors seeking to accept succession which debtor has renounced must procure administration and have administrator bring suit to annul renunciation (Civ. Code, art. 1021).**

Creditors of heir renouncing succession, in order to accept succession in debtor's name, under Civ. Code, art. 1021, must provoke administration and have the administrator bring suit to annul renunciation.

Appeal from Civil District Court, Parish of Orleans; Hugh C. Cage, Judge.

Suit by John C. Aurienne and others against Mt. Olivet, Inc., and others. Judgment dismissing plaintiffs' suit, and plaintiffs appeal. Affirmed.

Paul W. Maloney, of New Orleans, for appellants.

Dart & Dart, J. F. Pierson, and Wm. Winans Wall, all of New Orleans, for appellees.

LAND, J. John Aurienne and Adele Dupont Aurienne left at their death four forced heirs, to wit, Adele, Marie, Edward, and Peter Aurienne, who acquired by inheritance from their deceased father and mother an undivided one-fourth interest each in a certain tract of land, situated in the Third district of the city of New Orleans, and known as the "Aurienne homestead."

At the death of Adele Aurienne on May 20, 1902, her undivided one-fourth interest in this property was inherited by her two surviving brothers, Peter and Edward Aurienne, and by her surviving sister, Marie Aurienne.

On June 14, 1902, Peter and Edward Aurienne renounced in favor of Marie Aurienne,

by notarial act, all of their interest in the succession of Adele Aurienne.

On March 11, 1918, Marie Aurienne conveyed the "Aurienne homestead," including the interest renounced by Peter Aurienne, to Johnston Armstrong, who sold the property on the same date to the defendant, Mt. Olivet, Inc.

On December 4, 1918, Peter Aurienne died intestate in the city of New Orleans, leaving five forced heirs.

In the suit of Aurienne et al. v. Mt. Olivet et al., 153 La. 451, 96 So. 29, the heirs of Peter Aurienne, deceased, attempted to have the notarial act of renunciation, made by him of his interest in the succession of Adele Aurienne, declared to be a donation to Marie Aurienne, and to have same reduced to the disposable portion of the estate of decedent.

In view of the declaration contained in article 977 of the Civil Code that, "No one can be compelled to accept a succession," and that "he may therefore accept or renounce it," it was held in the Aurienne Case that the notarial act in question was intended as a renunciation, and not as an acceptance and donation, under articles 994, 1002, 1003, and 1022 of the Civil Code, and was not subject, therefore, to reduction at the instance of the forced heirs of the heir renouncing.

It was stated en passant in the opinion in the Aurienne Case:

"Plaintiffs do not claim that they have the right, which is given by article 1021 of the Civil Code to creditors of a person who has renounced an inheritance, to accept it to the extent of their claims; and we express no opinion as to whether plaintiffs, as forced heirs, ever had any such right."

Under the assumption that this expression in the opinion indicated that the forced heirs of Peter Aurienne might claim the same right as if creditors of decedent, his heirs, on April 24, 1923, instituted the present suit, averring that they have the right, as creditors, to assert their claims under article 1021 of the Civil Code, to the extent of their legitime, and to have same enforced as against the property purchased by defendant, through mesne conveyance from Marie Aurienne, the beneficiary of the act of renunciation made in her favor by her coheir.

Although alleged to be a donation, in truth and in fact, in the petition in the case of Aurienne et al. v. Mt. Olivet, Inc., et al., 153 La. 451, 96 So. 29, petitioners attack, in the present suit, the act of renunciation in question as such, and seek to have same annulled and to recover the renounced interest of Peter Aurienne in the "Aurienne homestead," on the ground that, "their father, Peter Aurienne, was not in sound mind at the time of its confection, due to his over indulgence in strong drink, and which left him at the absolute control and dictation of his sister, Marie Aurienne, who used the same to her own advantage and benefit."

Petitioners aver, therefore, that Marie Aurienne acquired no title, by virtue of the pretended renunciation to the interest of their father in this property, but that same remained vested in him up to the time of his death, and was transmitted to petitioners as the forced heirs of decedent.

In the alternative, if the act of renunciation should not be annulled, petitioners pray to be decreed to have the rights of creditors in said property to the extent of their legitime.

The defendants Mt. Olivet, Inc., and Johnston Armstrong, tendered in the court below exceptions of no cause of action and pleas of res adjudicata to the petition herein filed.

An exception of no cause of action was tendered also by the defendant Marie Aurienne.

The exceptions of no cause of action were maintained by the trial judge and plaintiffs' suit dismissed at their cost. Plaintiffs have appealed.

[1] As no one can be compelled to accept

a succession, whether testamentary or legal, he may accept or renounce it. C. C. art. 997.

"He to whose share an inheritance falls, may refuse it, provided he be capable of alienating; for the renunciation of an inheritance is, in all respects, assimilated to an alienation." C. C. art. 1018.

"The portion of the heir renouncing the succession, goes to his coheirs of the same degree; if he has no coheirs of the same degree, it goes to those in the next degree." C. C. art. 1022.

An heir called to the succession is considered as heir, as long as he does not manifest the will to divest himself of that right by renouncing the succession, and, necessarily, ceases to be an heir after his renunciation. C. C. art. 1014.

Petitioners allege that Peter Aurienne died in 1918, and that the act of renunciation was passed in 1902. They aver that they are forced heirs, and that they are all of age, except one, an emancipated minor. They further aver that the knowledge of the want of capacity of their father became known to them only after the time of the previous suit and after the date of the final judgment therein.

It is expressly provided in article 403 of the Civil Code that:

"After the death of a person, the validity of acts done by him cannot be contested for cause of insanity, unless his interdiction was pronounced or petitioned for previous to the death of such person, except in cases in which the mental alienation manifested itself within ten days previous to the decease, or in which the proof of the want of reason results from the act itself which is contested."

[2] As plaintiffs have only averred that "their father, Peter Aurienne, was not in sound mind at the time of its confection [act of renunciation], due to his overindulgence in strong drink," it is clear that such allegation of mental incompetency is not brought within the rule of the Civil Code, regulating attacks upon acts of a deceased person on the ground of insanity.

[3] It follows that Peter Aurienne was not incapacitated under the allegations of the petition, if accepted as true, at the date of the act of renunciation, executed in 1902. He must be considered then capable of alienating at that date. His renunciation was, therefore, valid; his portion went to his coheir, Marie Aurienne, who became the sole heir of her deceased sister by the renunciation of her brothers, Peter and Edward Aurienne; and Peter Aurienne ceased, in the year 1902, to be an heir of his deceased sister, Adele Aurienne.

Necessarily, Peter Aurienne owned no interest in the "Aurienne homestead" at the date of his death in December, 1918, and transmitted none to his forced heirs.

[4] Article 1021 of the Civil Code declares that:

"The creditors of the heir who refuses to accept or who renounces an inheritance to the prejudice of their rights can be authorized by the judge to accept it, in the name of their debtor and in his stead, according to the forms prescribed on this subject in the following section."

That this is a right restricted to creditors prejudiced by the renunciation of the heir necessarily follows from what we have already said as to the legal effect of such renunciation, in so far as forced heirs are concerned.

[5] Moreover, it is clear that under this article, creditors must accept the succession, provoke an administration, and have the administrator bring suit to annul the renunciation to the extent of their claims. Section 3 of Civil Code, under head "Of Successions"; Jones v. Hoffman, 114 La. 1003, 38 So. 763.

Judgment affirmed.