(115 So. 815)

No. 28965.

## BANK OF KAPLAN v. RICHARDS.

## In re BANK OF KAPLAN.

Feb. 13, 1928.    Rehearing Denied March 12, 1928.

*(Syllabus by Editorial Staff.)*

Corporations ⬤�ించ341—Purchaser of unpaid stock subscription sold by receiver may not recover thereon (Act No. 267 of 1914, §§ 9, 13).

Under Act No. 267 of 1914, §§ 9, 13, purchaser of unpaid stock subscriptions sold by receiver of corporation may not recover amount due thereon.

Action by the Bank of Kaplan against E. E. Richards. To review a judgment of the Court of Appeal affirming a judgment of dismissal, plaintiff brings certiorari or writ of review. Affirmed.

Chappuis & Chappuis, of Crowley, for applicant.

Cullen R. Liskow, of Lake Charles, for respondent.

BRUNOT, J.  E. E. Richards, the defendant, subscribed for the purchase of 10 shares of stock, of the par value of $100 per share, of the Rice-O-La Food Company, Inc.  No part of the purchase price of the stock was paid. The corporation went into the hands of a receiver, and the receiver, pursuant to an order of court, sold the unpaid stock subscriptions, all of which was then due and payable by the defendant, at public auction, and plaintiff, being the last and highest bidder therefor, acquired the subscription, and, as assignee, it brought this suit to enforce the payment thereof. The suit was met by the exception of no cause of action. The exception was sustained and the suit dismissed. An appeal was taken to the Court of Appeal, and that court affirmed the judgment. Two of the judges concurred in the decree, but each assigned different reasons, and one dissented therefrom. An application was made to this court for certiorari or writ of review. The writ issued, the record has been sent up, and the case is before us.

Relator contends that all claims and choses in action sounding ex contractu are assignable, and that the assignee of a credit acquires its accessories and the right of action of his vendor. As a general rule this contention is correct, but where, in a particular case, a statute limits the right of action to certain specific persons, the exception thus created by the statute is not governed by the

general rule. Such an exception is created by sections 9 and 13 of Act 267 of 1914. The pertinent part of section 9 of the act follows:

"If default be made in the payment of any installment, the board of directors may sue and recover the unpaid balance of the subscription."

The board of directors of a corporation had authority to compel the officers of the corporation to sue a delinquent stock subscriber for the amount of his past-due and unpaid stock subscription prior to the passage of Act 267 of 1914, and the quoted part of section 9 of the act conferred no other right upon the board than to permit the board itself to institute and prosecute such a suit. Section 13 of the act is as follows:

"That except in case of insolvency or bankruptcy proceedings, and except as provided in section 9 of this act, no action to recover an unpaid balance of stock subscriptions shall be brought against any stockholder until judgment has been recovered against the corporation and an execution returned unsatisfied in whole or in part."

We concede that Judge Leche, in his dissenting opinion, correctly says:

"Admittedly under the clear language of the statute, the board of directors could have brought the present suit, and the only way to hold effective, the words 'except in insolvency or bankruptcy proceedings' is to hold that the receiver could also have brought the suit. * * *

"The question then in its final analysis is whether the power to sue for unpaid stock subscriptions is transferable by sale."

It is our opinion that the two sections of Act 267 of 1914 quoted, supra, regulate the manner in which the right of action, in cases such as the one before us, may be exercised. The corporation itself, or its board of directors, so long as the corporation is a going concern, or the receiver of the corporation, may sue and recover judgment upon a past-due stock subscription and may assign the judgment, but section 13 of the act inhibits others from bringing such an action, unless it comes within the exceptions mentioned in that section.

We think this was the manifest intention of the Legislature, and it is so clearly expressed that we must give it effect.

The judgment sustaining defendant's exception of no cause of action and dismissing plaintiff's suit is correct, and it is therefore affirmed at relator's cost.

O'NIELL, C. J., concurs and hands down a concurring opinion.

OVERTON, J., concurs in decree for the reasons assigned by the CHIEF JUSTICE.

ST. PAUL and THOMPSON, JJ., concur in decree.

O'NIELL, C. J. (concurring). There is a good reason why a receiver appointed to liquidate the affairs of a corporation has no right to sell or assign to third parties the corporation's claims against its stock subscribers for the unpaid part of their subscriptions, instead of suing the subscribers for the amounts. The right of a receiver to sue a subscriber for an unpaid subscription is dependent upon the necessity for collecting the subscription; that is to say, upon the necessity for paying debts of the corporation or for equalizing the losses sustained by the stock subscribers who have paid their subscriptions. Belknap, Receiver, v. Adams & Rice, 49 La. Ann. 1350, 22 So. 382; Jackson Fire & Marine Insurance Co. v. Walle, 105 La. 89, 20 So. 503. When a receiver obtains a judgment against a stock subscriber for the amount due on his subscription, it is with the limitation and under the obligation on the part of the receiver to return to the subscriber any excess that may remain after paying the debts of the corporation and equalizing the losses sustained by the subscribers who have paid the amounts of their subscriptions for capital stock. That obligation, of course, could not be fulfilled by a third person as assignee of the receiver's right to sue for and collect an unpaid subscription. And the fundamental reason for that is that a receiver of a corporation occu-

pies a fiduciary relation to the stockholders, as well as to the creditors of the corporation; and the receiver cannot transfer to an assignee of an unpaid stock subscription the duties and obligations which are imposed upon the receiver and in favor of the cestui que trust.

In one of the cases which I have cited, Jackson Fire & Marine Insurance Co. v. Walle, the receivers of the insolvent corporation sued Walle for $5,000, on an unpaid subscription for 500 shares of stock at $10 per share. The suit was dismissed on an exception of no cause of action, but, on a motion for a new trial, the receivers were allowed to amend their petition, which they did by alleging that the corporation was insolvent and that it was necessary to collect all of the unpaid subscriptions in order to pay the debts of the corporation and to equalize the losses sustained by the subscribers who had paid for their stock. Judgment was rendered against the defendant for the full amount of his subscription. On appeal, this court first amended the judgment, saying:

"The judgment rendered by the district court against the defendant herein is an absolute judgment presently enforceable for its full amount against the defendant, without reference to the condition and situation of the corporation as to other stockholders and as to creditors. We think the judgment appealed from is correct, and we affirm it so far as it adjudges and decrees defendant to have become a stockholder in the plaintiff corporation for an amount of $5,000 on the subscription declared upon in plaintiff's petition, and in so far as it decrees that defendant is legally liable upon the same. Payment of the judgment, recognizing said liability, should, however, be enforced only to the extent necessary to pay the corporation debts, the costs and expenses of the liquidation of the corporation, the same to be hereafter shown and proved in the district court, and the judgment against him should be decreed to be satisfied upon payment of said amount."

A rehearing was granted on the application of the receivers in the case cited, and, on rehearing, because of the showing that the corporation was insolvent, the court amended its former decree, and said:

"The liquidation and settlement of the affairs of the corporation is about all that remains to be done. As the debts must be paid, and an equalization of the losses among the stockholders arrived at, we think, under the circumstances, that the stockholders who have not paid their subscriptions to the stock should pay. If there should remain a balance after the payment of the debts and the equalizing of the losses among the stockholders, it can be returned to the one entitled to it. From all appearances, there will not be any thus left to return, and for that reason we conclude that, without further delay, payment should be made of stock the subscription to which has not been paid."

The plaintiff in the present case, as assignee of the amount due on the defendant's stock subscription, does not allege that the corporation was insolvent when the receiver sold the corporation's claim against the defendant represented by his stock subscription; nor does the plaintiff allege that it was necessary for the receiver to collect the amount of the subscription, or to sell the claim, in order to equalize the losses sustained by the stockholders. Even if such allegations had been made, they would not have shown a cause or right of action on the part of the Bank of Kaplan, as assignee of the corporation's claim against Richards on account of his stock subscription, because, as I have said, the receiver of the corporation had nothing to assign to the bank except a contingent claim—contingent upon and subject to the obligations on the part of the receiver which he could not convey to or impose upon the bank.

For these reasons I concur in the decree affirming the judgment of the district court, sustaining the exception of no cause or right of action.