O’NIELL, Chief Justice
 

 (dissenting).-
 

 My opinion is that the defendant does not owe the additional franchise tax claimed by the State. The transaction that was had between the corporation and the estate of John Stewart was merely a settlement with the estate for its interest in the corporation, by paying to the estate $333,333.33, representing one-third of the capital stock, and $570,703.74, representing one-third of the surplus, — making a total payment of $904,-037.07, being one-third of the value of all of the assets of the corporation. Of course, if the corporation had intended to buy the one-third of the outstanding shares of its capital stock, with the intention of holding the shares as treasury stock, and with the idea of selling and re-issuing the 3,333% shares of stock, the corporation would have paid for the stock out of its surplus; and its capital stock would have remained at $1,000,000. But that was not the nature of the transaction. The one-third of the outstanding stock was called in and surrendered for cancellation; and was never re-issued, or intended to be re-issued. The capital and surplus of the corporation were reduced to the extent of $904,037.07; and to that extent the corporation was entitled to be relieved of the franchise tax. The franchise-tax statutes (Act No. 8 of 1932 and Act No. 10 of the First Extra Session of 1935) provide that the franchise tax shall be computed on the “amount of its [the corporation’s] issued and
 
 outstanding
 
 capital stock, surplus and undivided profits.” Even if the stock that was taken over from the estate of John Stewart, with the intention that it was being retired, should be considered as treasury stock, it was not
 
 *37
 

 outstanding
 
 stock. Fletcher, Cyclopedia Corporations, Vol. 11, p. 47, sec. 5088, declares :
 

 “While treasury stock is not retired, in any strict sense of the term, and differs from retired stock materially, it is analogous thereto in the sense that it no longer constitutes a present liability of the corporation; in the same sense it is not ‘outstanding.’ The effect of a purchase by the corporation of its own stock as a reduction of the capital stock is treated in a later section [5148]”
 

 In the headnote to section 5148 it is said:
 

 “It is the majority rule that the purchase or acquisition of its own shares by the corporation is not in itself a reduction of the capital stock but that whether or not it has that effect depends on the circumstances and intent with which the shares are acquired.”
 

 Among the cases cited in the footnote is one Louisiana case, namely, Belknap v. Adams, 49 La.Ann. 1350, 22 So. 382, decided in 1897, where it is said that the purchase of its own stock by the corporation cancels the stock, but that, if the stock so purchased is reissued, it must be paid for by the one who receives it if the debts of the corporation require payment for the shares by the shareholders. That decision antedated the Louisiana statutes on the subject; but I do not consider the definition of “treasury shares”, in Sec. 1, par. XVIII of Act 250 of 1928, as controlling the nature or character of the 3,333% shares which were taken in and retired by the corporation, under the circumstances and with the intention which prevailed in this instance.
 

 In the case of Scheirich v. Otis-Hidden Co., 204 Ky. 289, 264 S.W. 755, 756,
 
 outstanding capital stock
 
 is defined thus:
 

 “This expression, ‘outstanding capital stock’ means stock in the hands of the stockholders, and not stock in the treasury.”
 

 The same definition of outstanding capital stock, and the distinction between outstanding stock and treasury stock, are given in Borg v. International Silver Company, 11 F.2d 147, by Judge Learned Hand, for the Circuit Court of Appeals, Second Circuit.
 

 In this case, there was no concealment or misrepresentation of the financial condition of the corporation. It paid the franchise tax on all of the outstanding capital stock and surplus that it really had. The neglect of the two remaining stockholders to amend the charter of the corporation, and thereby to give evidence of the reduction of its capital stock, is not a just cause for computing the corporation’s franchise tax on outstanding capital Stock or surplus which the corporation, in fact, did not have.