## No. 3490.—Succession of E. Cordeviolle.

The courts of Louisiana have the undoubted power and right to aid in carrying into effect the provisions of a will made by a citizen or subject of France, when a portion of the estate of the testator is situated within the State, and to aid in the transmission of the funds of successions within her jurisdiction to the representatives of the succession abroad. This power is based on the broad principle of the comity of nations, but it can not be exercised to the prejudice of domestic creditors.

In this case it appears that the testator resided in Paris, France, where he died, leaving an estate in France under the control of executors appointed by the will. For the administration of the property in Louisiana a dative testamentary executrix was appointed. Under the dispositions of the will the property was required to be reduced to cash as soon as practicable, the same to be invested in particular securities in Paris for distribution. The dative testamentary executrix of the Louisiana estate became the purchaser at the probate sale of some of the property, and refused to pay over the price or account for it in the account of her administration, on the ground that she being an heir had a right to hold on to the purchase money until her rights, as an heir, were definitely ascertained, and then only to account for the difference. Held—That she was bound by the terms of the will, and as the will had directed that all the estate should be converted into cash as soon as possible, and be invested in particular securities, in Paris, for distribution; that the executrix in Louisiana, being an heir, could not on that account retain the purchase money in her hands until the distribution, which was directed by the will to be so invested for distribution, and that she must account for it the same as other purchasers.

A dative testamentary executrix, residing in Louisiana, and having under administration an ancillary succession in this State, which belongs to a foreigner residing in Paris, France, where the principal estate is situated, can not be proceeded against by rule, to sell the balance of the estate in her hands, nor will an injunction issue under a rule taken to prevent her from disposing of the funds or notes on hand.

APPEAL from the Second District Court, parish of Orleans. *Duvigneaud*, J. *L. Castera, S. H. Kennedy* and *Roselius & Phillips*, for appellants. *A. Pitot, Charles Louque* and *E. Bermudez*, for appellee.

Howell, J. Two appeals are embraced in this record. The first is taken by the widow of the deceased and the Commune di Lavagna from a judgment on their oppositions to the second provisional account filed by Mrs. Commagère, the dative testamentary executrix. The second is taken by the said widow from a judgment on her rule upon the dative executrix, who joins in the appeal by answer.

I. The oppositions are based on seven grounds, five of which are urged before us:

*First*—The account is vague and omits all mention of the purchases made by the dative executrix, the price of which she unlawfully retains.

She withholds the price, because as heir she contends she has the right to do so, until the final settlement of the succession and her portion thereof is definitely fixed, as provided by articles 1343 and 2625, R. C. C., and in this position she is sustained by the judge *a quo*.

Etienne Cordeviolle died in Paris, France, where he had resided many years, where he made his will, and where the principal succession is under administration by executors appointed by the will, and the one here is under the administration of Commagère, a sister of the deceased, as dative testamentary executrix. The whole estate of the deceased is disposed of under special conditions and directions, and it seems that all the legatees have accepted, or propose to accept the legacies bequeathed to them. In the will several annuities are made to persons named, two of which are to take effect at the date of the testator's death. One-third of his estate is bequeathed to his "nearest relatives, subject to the application of the principles of the French law," and two-thirds to the Commune di Lavagna for certain purposes; both of said legacies are subject to the special legacies. It is made the duty of his executors, as soon as possible, to reduce all the property to cash and invest the proceeds in the three per cent. French funds, and to inscribe, in the name of each annuitant, as usufructuary, a title or certificate of such stocks, and in the name of the other parties for the worked property. It is further ordained that these titles or certificates of stocks shall remain deposited in the office of the notary at Paris, who shall be charged with the collection and payment of the income; and further, that his heirs, living mostly in New Orleans, United States, will be notified of the opening of his succession and required to present themselves in person, or by attorney, at the domicile of the executor in Paris, to receive whatever may come to them by succession and give acquittance.

As the rights of Mrs. Commagère are derived through the will, and she has taken an oath to execute its provisions, she is bound herself to conform faithfully to all those provisions, unless they should be violative of the laws of this State. We find in them nothing that is illegal.

In the case of Mourain *v.* Poydras, executor, 6 An. 151, the power and right of the courts of this State to aid in carrying out such provisions and generally to direct the transmission of the funds of successors of foreigners within their jurisdiction to their representatives abroad, on the principles of established comity between nations, were recognized as being no longer an open question; not,

however, to be exercised to the prejudice of domestic creditors. No creditors are asserting any rights in this succession adverse to this doctrine, except those who derive their rights from the will, and by it they must be controlled in the mode of obtaining those rights. It follows that as the will directs all the property to be converted, as soon as possible, into cost, and invested in particular securities for distribution, in Paris, in the manner provided, Mrs. Commagère, whose duty it is faithfully to obey the directions of the will, can not avail herself of that provision of our law in favor of heirs who purchase at succession sales, to retain the price until their portions are ascertained. To do so would, in the circumstances of this case, defeat the will.

We do not undertake to decide in what cases this right of the heirs may be examined, but only that Mrs. Commagère can not do so in this case. It is her duty to place upon the account presented the sale of all the property purchased by herself, the same as if purchased by a third person, and account for the proceeds in the same way. The court, therefore, erred in authorizing her to retain the price. She should have included her purchases in the account even if she had the right to retain the price as claimed, and left the settlement of that question for determination at the proper time. Having been presented, however, in this proceeding, we have passed on it.

The suggestion that she might retain the price because she could have refused to comply with the adjudications on account of the widow's endeavoring to have her mortgage recognized, is without merit. Having made the purchases, and not refused to comply, conceding she had a legal cause of refusal, she must account.

*Second*—The second ground of opposition is to the right of the dative testamentary executrix to commissions. It can not be presumed that the testator made the bequests to her as compensation for her services in administering, as she was not appointed by him. The amount to be allowed can not exceed two and a half per cent. on the whole amount of the estimate of the inventory as prescribed in article 1683 R., C. C.

*Third*—The charge of five hundred dollars by the surveyor, for surveys and plans of the property sold, is opposed as excessive. The testimony of the creditor himself, and another surveyor, does not authorize a charge of more than three hundred and twenty dollars, which, we think, is large.

*Fourth*—The auctioneer's bill of two thousand dollars was opposed as excessive, and was reduced by the judge *a quo* to eleven hundred and thirty-six dollars and thirty cents, to conform to the fee bill as to the commissions on the sales—the said commissions being reduced from eleven hundred and sixty-nine dollars to three hundred and four dollars and seventy-five cents. There should be a further deduction of twenty-five per cent. of the sums charged, as paid to the newspapers, as that

21

deduction was made by the newspapers. Such deductions inure to the benefit of the principals for whom the advertisements are made. We must here say, we do not perceive the necessity of making out a separate *proces verbal* for each piece of property sold at one and the same sale, occupying about twenty-five pages of the record. It is a useless and unauthorized increase of expense.

*Fifth*—The next item opposed is in these words:

"Attorney's fees for services rendered since the first account rendered, preparing, attending sale, etc., one thousand dollars."

The judge below was of opinion, from the size of the record and "the proceedings in this case" before him, that the charge is reasonable. We must say that these proceedings do not impress us with the correctness of his estimate. The petitions for the sales, which are very short, and the contest over the account under consideration (and which we agree with opponents in designating as vague and unsatisfactory), do not appear to us to warrant such a charge. It is not to be supposed that the succession must pay the attorney of Mrs. Commagère for services rendered to her as legatee or heir, but only for services rendered her in her fiduciary capacity, and for such services in these proceedings we think five hundred dollars a fair remuneration.

The account must be amended so as to conform to the views we herein express, and for that purpose it will be necessary to remand the cause.

II. A rule was taken by the widow, pending the foregoing controversy, to compel the dative executrix to sell the property remaining unsold, and file a complete detailed account of her administration, accounting for the revenues and distributing all the moneys arising from the sales made in said succession; to prohibit her from disposing of the money and notes reserved by her except upon an order of court rendered contradictorily with the parties interested, and to produce her bank-book, kept according to law, and in default thereof to condemn her and her surety to pay twenty per cent. on any amount not deposited or withdrawn without authority, and damages.

The defendant in the rule excepted that the demands to forward the money to France, and to distribute it here, are inconsistent; that the question of her right to retain the price is pending, and that the proceeding by rule is not the proper mode to enjoin her from disposing of the funds; and she presented two bank-books.

The district judge being of opinion that, by the will, the assets must be distributed in France; that the dative executrix had already been decreed entitled to retain the price of the property purchased by her, and had filed a satisfactory supplemental account under the judgment on the oppositions, and had filed her bank-books as required by law, made the rule absolute so far only as to proceed with the sale of the

property unsold, and to injoin her from disposing of any of the funds of the estate, unless ordered by the court, and directing her, upon complying with the foregoing order of sale, to file a full, complete account of her administration.

The widow asks on appeal that her rule be made absolute *in toto*, while the dative executrix asks that the judgment be reversed so far as it makes said note absolute.

We agree with the district judge that the will, being unassailed, must be the law of the succession, and that it requires the proceeds of the whole property to be transmitted to France for distribution; but we have already expressed an opinion different from his on the right of the dative executrix, under the provisions of the will, to retain the price of the property purchased by her. Nor do we agree with him in the opinion that the supplemental account gives a satisfactory statement of the affairs and condition of the succession, property, and funds under administration. It is her duty to carry out the provisions of the will as expeditiously as practicable, and be prepared to account to the representative of the succession in France, when properly called on. We do not, however, consider this rule such a call, its purpose being to some extent inconsistent with the true intention of the testator.

The judgment, which should be rendered on the oppositions to the accounts, it seems to us, will dispose of the foregoing questions, and the rule was therefore unnecessary as to them.

As to the question of enjoining the dative executrix by rule, we think the exception well taken. The law has provided ample remedies by other and more regular means of effecting this object.

It was proper, however, to call on her by rule to produce her bankbook and show that she had deposited all the funds of the succession as required by law. She has, it seems, kept her account with the bank in the names of herself individually and two parties, who are said to be her sureties, instead of in her official name. Article 1150, R. C. C., is very positive and stringent, and a failure to comply with it is attended with sworn penalties. The only amount which the appellant mentions as not having been deposited, is the sum of six hundred and sixty dollars, which, it is asserted in the brief, the executrix was condemned to pay as rent; but we are not referred to the proof of this assertion. The rules of court require such reference to be specially made, and it is quite necessary, when the record is very arge, and comprises various matters as in this case. We therefore do not feel justified in condemning the executrix and her securities to pay the twenty per cent. authorized by the above article. Whether or not the failure to keep a bank-book in her "official name" will justify the enforcement of any other penalty, is a question not presented.

It is therefore ordered that the judgment on the oppositions to the

account be reversed, and that this cause be remanded, and the dative testamentary executrix be required, within twenty days from the date, herself to file a full, fair and perfect account of her administration, according to law and the foregoing views. It is further ordered that the judgment on the rule herein be reversed, and the rule dismissed without prejudice. The costs of said rule in the lower court to be paid by the appellant, Mrs. Cordeviolle, and the costs of appeal to be paid by the succession.

Rehearing refused.