## Union Refining and Storing Co. *versus* Pentecost.

1. The plaintiff, an auctioneer, was authorized by defendants to have plans of their lots prepared and to advertise a sale; they agreeing to pay expenses of printing, &c.; and on all sales under their advice and consent to pay one per cent. commissions. The plaintiff advertised extensively and was allowed by the printers a discount from the "card rates;" he charged the plaintiff at the "*card* rates." *Held*, that he could recover no more than he had actually paid.

2. Whether the plaintiff was allowed the discount under an arrangement with the printers, embracing all his advertising, or only under a special agreement for the advertisement of the defendants, the discount was no part of the expense of advertising.

3. Independently of the special authority, the plaintiff being the agent of defendants, was bound to procure advertising on the best terms he could for the defendants.

4. Settling the bill at a discount for his own benefit was in direct violation of his duty as agent and a gross fraud on the defendants.

5. The declaration was in the common money counts; the defendants had paid for some advertising after suit. *Held*, that he could not recover for such payments.

November — 1875. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON, and WOODWARD, JJ.

Error to the Court of Common Pleas, No. 1, of *Allegheny county*: Of October and November Term 1875, No. 267.

This was an action of assumpsit, brought December 2d 1874, by A. J. Pentecost against The Union Refining and Storing Company.

The foundation of the claim of the plaintiff, who was an auctioneer, was the following paper:—

"Pittsburgh, Sept. 17th 1874.

"A. J. PENTECOST, Dear Sir:

"You will please go on and have plans of part of our property on Herr's Island, say about 43 lots, printed; also advertise sale for Sept. 28th. We agree to pay expenses of printing and surveying, and on all sales made for us under the advice and consent of our committee, we agree to pay you a commission of one per cent.

Yours truly,<br>UNION REFINING AND STORING CO.<br>By JOS. KIRKPATRICK, President."

[Union Refining & Storing Co. *v.* Pentecost.]

The plaintiff's affidavit of claim was for an indebtedness of $1272.79, for commissions on sale of real estate, expenses of printing and other expenses.

The account accompanying the affidavit contained bills paid for advertising in nine newspapers, amounting to $1309,62, commissioners at one per cent on sales, $20.52, also crying sales and other expenses; the whole bill amounted to $1402.79, on account of which $130 had been paid. The declaration was in the common money counts.

The case was tried April 8th 1875, before Collier, J.

The plaintiff testified in support of his claims.

On cross-examination he said that on account of his large amount of advertising, discounts of 25 per cent. or more from the ordinary " card rates " of advertising were allowed him by the printer, and that he charged the defendants at what were the ordinary rates. Some of the bills were paid after the commencement of this suit.

The following are points of the defendants: they were refused.

2. Defendants are not obliged to pay to the plaintiff more than he actually paid himself for advertising. Any discount allowed to him on the bills for this expense is for the benefit of the defendants, and plaintiff cannot recover the amount of this discount from defendant.

3. Plaintiff cannot recover in this action for any money paid by him for defendants since the bringing of the suit.

The verdict was for the plaintiff for $1294.79.

The defendants took a writ of error and assigned for error the refusal of their points.

*T. C. Lazear*, for plaintiffs in error.—The plaintiff was defendants' agent. In all cases where a person is either actually or constructively an agent for others, all profits and advantages made by him in the business beyond his ordinary compensation are for the benefit of his employers: Story on Agency, sec. 211; Paley on Agency 37; Campbell *v.* Penn Life Ins. Co., 2 Wharton 64; Bartholomew *v.* Leach, 7 Watts 472; Minnesota Central Railroad Co. *v.* Morgan, 52 Barb. 217. Even if this be sanctioned by usage, such a usage has been stigmatized as a usage of fraud and plunder: Story on Agency, sec. 207; Diplock *v.* Blackburn, 3 Camp. 44; Reed.*v.* Norris, 2 M. and Craig 361; 1 Story's Eq. Jur., sec. 321; Prevost *v.* Gratz, 1 Peters' C. C. Rep. 364. The principal would not be liable, although the debt was contracted in the agent's own name: Story on Agency, sec. 446. To sustain the money counts the plaintiff must prove that at the time he sued he had paid the money: 1 Chitty's Pl. 383; 2 Greenl. on Ev., sect. 113.

*Rodgers & Oliver*, for defendants in error.—Mere gratuities to

[Union Refining & Storing Co. *v.* Pentecost.]

agents in the course of business do not belong to the principal: Ætna Ins. Co. *v.* Church, 21 Ohio 493. Under the authority to the plaintiff he might recover ordinary rates: Moore *v.* Remington, 34 Barb. 429; Miller *v.* Tate, 12 La. Ann. 160.

Mr. Justice WILLIAMS delivered the opinion of the court, January 6th 1876.

It is difficult to perceive on what principle of law or morals the plaintiff was allowed to recover the full amount of the bills for advertising the defendants' property. They were made out at card rates and settled, as the evidence shows, at a discount of about 25 per cent. Whether the discount was allowed under a general arrangement, embracing all the advertising ordered by the plaintiff in the course of his business as auctioneer, or under a special agreement, including only the advertising done for the defendants, is wholly immaterial. In either case, it constituted no part of the expense of advertising, and the plaintiff had no right to treat it as so much money paid, and recover it of the defendants. All that he can justly claim under his contract with the defendants is the amount which he paid for advertising.

But apart from the contract, the plaintiff had no right to recover the amount of the bills. He was the defendants' agent, and it was his duty to procure the advertising on the best terms he could, for the benefit of the defendants. He could not contract for the advertising at card rates as the defendants' agent, and settle the bills at a discount for his own benefit. Such a transaction would be in direct violation of his duty as agent, and a gross fraud on the defendants.

In no aspect of the case is the plaintiff entitled to recover more than he paid for the advertising; and it needs no argument to show that under the common counts all that he can recover is the amount actually paid at time suit was brought. It follows that the court below erred in refusing to charge as requested in defendants' second and third points.

Judgment reversed and *venire facias de novo* awarded.