BREAUX, C. J.
The receiver of the defendant company filed his first provisional account.
It is opposed on a number of grounds by creditors who are excluded on the account from participating in the distribution of the funds collected by the receiver.
The defendant company was organized to drill for oil in the Jennings field.
The receiver has collected $6,360.16, and expended the sum of $924.86.
He asks in this account to be permitted to pay to creditors a dividend of 40 per cent, {not including among the creditors the stockholder creditors).
They were excluded, on th$ ground, as he represents, ’that they are estopped because the stock of the corporation was issued, to their knowledge, for less than its par value.
The fact is, that part of the stock was sold for 33% cents, save 38,000 shares, which were sold for 12% cents of their par value. This included all the stock.
The receiver allowed other creditors to share in the distribution because, as he stated in the pleadings, they were not aware of this issue of stock for less than its par value, as just stated.
Going back to a period anterior to this provisional account: The receiver sued the creditors, who were stockholders, for the balance due on their stock; that is, for the difference between the amount that they paid for the stock and its par value.
They filed answers to the receiver’s petition, in which they denied his right to recover the whole amount due by them respectively on their stock without allowing them credit for their respective claims as creditors against the corporation.
Judgment was rendered in the suit brought by the receiver against these stockholders in favor of the company for the difference between the amount paid for their stock and the par value. They were condemned to pay this difference. In this suit they had reconvened for the amount of their claims as creditors.
On this demand in reconvention they recovered judgment for the amount of their respective claims, but the court refused to allow them at that time to set off their respective claims as creditors against the judgment obtained by the company against them as stockholders. The court’s decree was that the receiver must collect the judgment against the stockholders; that thereafter they would share in the distribution of the general fund; that is, they would in the end obtain payment of their respective claims.
It follows that the whole matter of rank and distribution was referred to the receiver. He was intrusted with seeing that in the end these creditors would be allowed their suit pleaded in reconvention.
The receiver (it appears by testimony) collected part of the sum due by the stockholders.
AVe will state here there is no question of bad faith on the part of the stockholders who were creditors, nor is it contended that the board of directors in any way mismanaged the business affairs of the company. Everything appears to have been done in the utmost good faith. The debts were regularly incurred and are due.
It having been decided by this court in prior decisions, and it being well settled, that the liability for stock to pay debts of the corporation and to liquidate and adjust • 'its affairs on an equitable basis cannot be discharged save by payment, we will not discuss that proposition at any length. Belknap, Receiver, v. Adams, 49 La. Ann. 1350, 22 South. 382.
The directors and stockholders who are creditors of a company and have acted in good faith in everything connected with the management of the company and disposition *151 of the property can share pro rata in the distribution of the assets to the extent of their respective interests.
The last decision upon the subject Is Villere v. New Orleans Pure Milk Co., 122 La. 717, 48 South. 162.
A stockholder may become a creditor, is the keynote of that decision.
In the Cahill Case, 47 La. Ann. 1485, 17 South. 784, there was a different condition. It was not thought in that case that the directors had acted fairly toward the creditors.
It being settled that directors and stockholders may become creditors and rank as to their claim the same as other creditors, we come next to the proposition pressed upon our attention by the appellant; that is, that stockholder creditors, with full knowledge when they become creditors that the stock of the corporation had been sold for less than its par value, are not entitled to share in the proceeds.
We do not find it possible to agree with that view. They are creditors despite the fact that they knew that the stock was issued for less than par. We see no necessity for two classes of creditors, one whose rights should be made to depend upon the fact that they knew that stock had been issued for less than its par value, and the other class without that knowledge. It would create a difference without good reason. It would not be a clear-cut proposition. It might result in retarding the liquidation and settlement of corporations by receivers. Besides, it cannot be maintained in our jurisprudence, which holds that they are creditors with full right except where they have acted improperly toward their fellow stockholders.
And then, again, it would be singular if a creditor owning only one share of little value were excluded from participating in the disposition of the “trust fund” although he might be a creditor for thousands of dollars.
True, shares should not be issued for less ■than their par value. It may be that on that account the existence of the corporation itself might be at stake. None the less, as relates to the point directly at issue here, the shareholders are made to pay the amount which should have been paid in the first place.
The estoppel pleaded cannot be maintained.
Many decisions rendered in other jurisdictions have been cited by the appellant. They were rendered under other laws than ours.
We take up for special mention the two decisions of the Supreme Court of the United States cited by the receiver, to wit: Stone v. Farmers’ Loan & Trust Co., 116 U. S. 345, 6 Sup. Ct. 334, 29 L. Ed. 636, and Bank of Ft. Madison v. Alden, 129 U. S. 375, 9 Sup. Ct. 332, 32 L. Ed. 725. They each relate to fraud and undue advantage sought by the stockholders.
There is nothing of the kind in this case, and it follows that these decisions are not pertinent.
For reasons assigned, the judgment appealed from is affirmed at appellant’s costs.
NICHOLLS and MONROE, JJ., dissent.