(52 South. 996.)

No. 17,869.

FRIEDRICHS et al. v. FRIEDRICHS, YOUNG & TANEY, Limited.

(May 6, 1910. On Application for Rehearing, June 28, 1910.)

*(Syllabus by the Court.)*

**1. CORPORATIONS (§ 560\*)—RECEIVERS—SALE—OFFICER OR STOCKHOLDER AS AUCTIONEER.**

An officer or stockholder of a corporation which has been placed in the hands of a receiver can be named by the court as auctioneer to make a sale of the property, and if so appointed, and he makes a sale, he is entitled to his commissions as any other person who would have rendered that service.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 560.\*]

**2. RECEIVERS (§ 134\*) — ADVERTISEMENT OF SALE—DISCRETION OF AUCTIONEER.**

An auctioneer, who under an order of court is directed to make a sale of the property of a corporation which has been placed in the hands of a receiver, is not authorized to advertise the sale in more than two newspapers. The number of papers in which he shall advertise the sale and for what length of time is not left to his judgment and discretion.

[Ed. Note.—For other cases, see Receivers, Dec. Dig. § 134.\*]

**3 RECEIVERS (§ 96\*)—EXPENSES OF RECEIVERSHIP —' ADVERTISING SALE — REBATE TO AUCTIONEER.**

The amount charged by the auctioneer for making advertisements cannot exceed the amount actually paid by him. If the papers have given a rebate on account of their bills for advertising, the benefit of the same should be given to the receivership.

[Ed. Note.—For other cases, see Receivers, Dec. Dig. § 96.\*]

**4. CORPORATIONS (§ 308\*)—OFFICERS—SALARY AS SALESMAN—RECEIVERSHIP.**

A stockholder of a corporation, who is likewise vice president without salary, is not precluded by the fact of being stockholder and officer from being employed as a salesman for the corporation at a reasonable salary, and if he performs his duties as such he is entitled to his salary as such with privilege securing the same like any third person would do who would perform such service.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1336; Dec. Dig. § 308.\*]

Appeal from Civil District Court, Parish of Orleans; Walter B. Sommerville, Judge.

In the matter of the receivership of Friedrichs, Young & Taney, Limited. From a judgment on opposition to the provisional account of the receiver, George G. Friedrichs and others appeal. Modified and affirmed.

Carl C. Friedrichs and Frank McGloin, for appellant Friedrichs. L. L. Labatt, for appellant Barangue. J. R. Le Gallez, for appellant Taney. J. Zach. Spearing, for appellees Thompson & Hallowell and others.

## Statement of the Case.

NICHOLLS, J. This is a suit on appeal from a judgment on oppositions to the provisional account of the receiver of Friedrichs, Young & Taney, Limited, defendants in the above-entitled matter. The receiver was appointed on May 18, 1908, on the petition of George G. Friedrichs, alleging himself to be a stockholder of the defendant corporation as well as a creditor, and also alleging that at a meeting of the board of directors held a few days prior to the filing of the petition a resolution was passed consenting to the appointment of a receiver. A copy of the resolution was annexed to the petition. Letters of receivership issued in due time to the German-American Bank & Trust Company, and thereafter an inventory of the property of the corporation was taken, from which it appears that the property consisted of office furniture appraised at $42.75; open accounts. appraised at about $1,600; stock in trade, consisting of mattings, rugs, carpets, shades, and general household furniture, appraised at about $10,000. Subsequently the receiver obtained permission to continue the business as a going concern for a period of 30 days, or until the further orders of the court. In August, 1908, the receiver asked for and obtained an order to sell the property at public auction by George G. Friedrichs, auctioneer. Before the sale took place, one of the creditors obtained a rule on the receiver to show cause why the order of sale and the advertisements

should not be set aside for reasons stated in the rule. The rule was made absolute to the extent of ordering a new advertisement to be made according to law and the previous order of court, but the rule was dismissed so far as it related to the changing of the auctioneer.

In due time the receiver filed a provisional account. Several creditors filed general oppositions thereto. Numerous creditors filed a general opposition to the account and particularly opposed the whole account on the ground that it was too vague, general, and indefinite to give proper information to creditors, and particularly opposed the following mentioned items on the grounds of vagueness and indefiniteness, to wit:

(1) The charge for or in favor of the auctioneer for advertising held and other expenses, etc., $1,443.75.

(2) The credit of collections by receiver, $501.77.

(3) The German-American Bank & Trust Company for keeper, 132 Chartres street, taxes and storage, $812.69.

(4) German-American Bank & Trust Company, demand note secured by pledge of merchandise in warehouses, $1,513.36.

(5) Reserved for future costs, $100.

As a further opposition it was alleged that in proceedings entitled "Thompson & Hallowell v. Friedrichs, Young & Taney, Limited, in the United States District Court in bankruptcy, the plaintiffs therein had expended certain costs in those proceedings to have the defendant corporation declared a bankrupt and were entitled to be refunded the same.

The opponents also opposed each and every item on the account as not being due in the manner and form as stated on the account, and specially denied that any of the persons stated on the account were entitled to the privileges therein recognized. On March 2, 1909, the provisional account was homologated so far as not opposed.

After trial the trial judge rendered judgment ordering the receiver to file another and final account, as follows:

"It is therefore ordered, adjudged, and decreed that the oppositions of Edward Young, James A. Taney, and Jos. Barangue be dismissed at their costs. It is further ordered, etc., that the opposition of H. B. Claflin & Co., Magee Carpet Company, Thompson & Hallowell, and Penn Art Square Mills be maintained to the extent of ordering and directing the receiver to amend his account by filing a new one in accordance with the views hereinbefore expressed, and by adding thereto Friedrichs, Palfrey & Redersheimer for insurance $57.64 as a privilege claim, and the following ordinary claims: H. G. Fetteroff, $409.29, with interest and costs of court; C. P. Cochrane, $865.98, with interest and costs of court; T. I. Birkin & Co., $123.05, with interest and costs of court; Thompson & Hallowell, $673.66, with interest and costs of court; Morris & Co., $256.10; Muller MacLean & Co., $98.16; Scharf Tag, Label & Box Company, $4.85; Penn Rubber Company, $205.58; Wm. Sholes & Co., $303.76; American Ottoman & Hassock Company, $503.50; Fries, Harley & Co., $324.59; Whitcomb McGenchin Company, $585; Shiffare & Lanton, $25; J. H. Thorp & Co., $264.41; H. L. Judd Company, $187.26; C. P. Cochrane, $251.64; Loscing & Co., $726.25; Ker Saylor & Co., $10.64."

The following reasons were assigned for the judgment:

On first account of receiver, February 12, 1909:

This account has been opposed in every particular, and because of its vagueness:

The oppositions will be maintained and the receiver ordered to file another and final account. The first item of amounts paid by auctioneer, $1,443.76, must be materially reduced. In appointing Geo. C. Friedrichs the secretary of the defendant corporation and at the same time a stockholder and member of the board of directors to serve as the auctioneer, it will be presumed that he was acting solely and entirely in the interest of the creditors of the corporation, as he was in duty bound to do, and not for his own gain. Under the circumstances, he is not entitled

to any commissions. The officers of the corporation may not enrich themselves at the further expense of unfortunate creditors of the concern.

In this particular case every stockholder is a claimant for large amounts for services alleged to have been rendered the receiver. The spectacle is a disgraceful one and will not be tolerated. If officers of an insolvent corporation are unwilling to serve the receiver without compensation, they should not be employed.

The "auctioneer's account" embraces many charges which are not authorized. The order of the court is:

"Let the property and assets of the Friedrichs, Young & Taney, Limited, be sold at public auction by George J. Friedrichs, auctioneer, after all legal delays and advertisement according to law."

Mr. F. was not authorized to incur any expenses beyond advertising in the way and to the extent authorized by law—that is, in one English and one French paper—and the claims for these two publications must be reduced by 33⅓ per cent., as Friedrichs testifies the newspapers have not collected this portion of their bills from him. The charges for labor pay roll, electrical work, catalogues, drayage, appraising, painting, and other services by Taney, Barangue, and others will not be allowed, as they were not authorized.

The only charges on the auctioneer's account to be allowed are for storage charges, duties, advertising, hospital tax, and reimbursements for goods not delivered to purchasers, all of which must be approved. The next item is "collections made by receiver, $501.77." It seems that this amount might be largely increased by the receiver by a proper effort. The testimony on this point is not satisfactory. The clerk's costs, $24.70, and sheriff's costs, $5. They were admitted to be correct. They are approved. The

keepers and storage charges and taxes, $812.-69, should be itemized. They have not been proved. The rent, $855, attorney's fees, $57, inventory, $150, appraisers, $50, were admitted to be correct, and they are approved. The receiver's fee of $325 has not yet been earned. It must show that it has discharged its full duty by making all collections possible and condensing the assets of the corporation for the benefit of the creditors before a fee can be claimed. The attorney's fee of $300 is in the same condition. The claims of Edward Young, stockholder, $320, Jas. Taney, stockholder, $1,161.69, and Joseph Barangue, bookkeeper, $963.50, for services rendered the corporation prior to the time that it went into the hands of a receiver, will not be allowed. All of these parties testify that they were employed by the corporation and offer the minute entry of the board to be produced to prove the employment. The only copy of minutes in the record is of date September 12, 1905, and it proves nothing; it is (not) valuable. It purports to be a copy of something done by the corporation September 12th, a month and a day before defendant corporation was organized on October 13, 1905. There appears to have been no action of the board after October 13, 1905, when it came into existence, with reference to the employment of these officers. They all testify that the books were regularly kept, will show regular credits to them for salary and debts for various amounts received. The books contradict every one of these statements.

The only journal entries were made May 16, 1908, the same day that the board met and asked for the appointment of a receiver "to protect the interests of all concerned," and just two days before application was filed in court for such appointment, May 18, 1908. These entries are self-serving, suspicious, and are of no probative force. And

the entries in the ledger are like unto the others. They are rejected.

Edward Young, the president, testified very positively as to what the books contained, and he is contradicted by the books. He had no idea what amounts he received, or what Taney received, or what Barangue received. He explains it all by saying:

"Well, you see, the whole thing was practically a family affair. If we made money we made it, and if we lost it, then we lost it."

And they are still trying to keep the whole thing in the family. They appear to be the "all concerned" referred to in their resolution asking for a receiver. Mr. Young also contradicts Mr. Barangue on the points of amounts received. The former says that the latter received $10 and $15 per week at times; while the latter says he only received about $3 on account. Where there is so much uncertainty, contradiction, doubt, and suspicion, nothing will be allowed. Some of the accounts of ordinary creditors were admitted to be due.

On July 20, 1909, Joseph Barangue, declaring himself aggrieved by the judgment of the trial court, filed a motion for a devolutive and suspensive appeal to the Supreme Court, which was granted upon mover furnishing bond with good and solvent security.

On July 21, 1909, George J. Friedrichs moved for a devolutive and suspensive appeal from the judgment of the trial court, which was granted upon his furnishing bond with security.

On July 23, 1909, Jas. A. Taney moved for an appeal suspensive and devolutive to the Supreme Court from the judgment rendered by the trial court, which was granted him on his furnishing bond with good and solvent security.

On the provisional account the receiver charged himself with the proceeds of sales made by George G. Friedrichs, auctioneer, $6,396.19, less $1,443.76 as due to the auctioneer. The amount as being due to the auctioneer was contested and disallowed by judgment of the court to the extent shown by the judgment. The auctioneer, Friedrichs, appealed.

Friedrichs was placed on the provisional account as an ordinary creditor for $6,616.65.

Joseph Barangue opposed the provisional account filed by the receiver, the German-American Savings Bank & Trust Company, on the ground that he was an employé of the firm of Friedrichs, Young & Taney as a bookkeeper and correspondent, and as such entitled to a privilege and priority for the full sum of $963.50, with 5 per cent. interest from the day of February, 1909, until paid, for this, to wit: That on or about September, 1905, opponent was employed by the said firm of Friedrichs, Young & Taney as bookkeeper and to attend to the correspondence at a weekly salary of $10 payable weekly. That he was so employed for a period of 141 weeks from September 1, 1905, to May 16, 1908—making a total of $1,410, which amount is subject to a credit on account of cash received of $446.50, leaving the aforesaid amount of $963.50 still due, owing, and unpaid. That said opponent has not been placed on said account as a privileged creditor entitled to priority the amount of his aforesaid claim, which the law gives him. That the claims appearing on said account are not due and should be stricken therefrom; or, if due, that they are excessive and should be reduced, and opponent calls for strict proof of the validity of said items.

That opponent specially opposes the claim of the German-American Savings Bank & Trust Company which is placed on the account as a privilege under a certain pledge of merchandise which was contained in the Delta and United Warehouses. Opponent alleges that the property so pledged, when sold separately and apart from the rest of the stock, only produced the sum of $920.79, after deducting

the duties due to the United States government and storage and auctioneer's fees, etc., and that the privilege of the said German-American Savings Bank & Trust Company is limited to the amount realized from the sale of the said goods pledged, less duties and expenses of the sale, say $920.79; and that the amount for which the German-American Savings Bank & Trust Company is entitled to receive under its pledge should be reduced to the aforesaid amount.

In view of the premises, opponent prayed that this opposition be filed, that the said account be amended by placing thereon the said opponent, Joseph Barangue, as a privileged creditor to be paid by priority in the full sum of $963.50 with 5 per cent. interest from the ——— day of February, 1909, until paid, and costs of this opposition; that the said account be further amended by striking therefrom all the items, which are not fully proved to be due; and that all other items be reduced to proper and reasonable amounts; and for general relief, etc.

This opposition was by judgment of court dismissed. Opponent moved for a new trial on the ground that the judgment rendered was contrary to the law and the evidence; that said judgment should be set aside and annulled; and that a new trial should be granted in this matter for the following reasons, to wit:

That the court erred in disallowing the claim of Joseph Barangue for the sum of $963.50, being the amount due for salary and unpaid for services rendered within the year immediately preceding the date of the receivership; that evidence clearly shows, and it is nowhere contradictory, that the services were those of bookkeeper, and therefore entitled to a privilege under the provisions of article 3214, Civ. Code. The court erred in denying this privilege on the ground: That the claimant, being a clerk within the meaning of said article 3214, was never at any time a member of said firm or an officer in said corporation.

That the books of the corporation corroborates the testimony of the president of said corporation duly authorized by a resolution of the board of directors to employ him, and that the evidence adduced upon the trial of this opposition is the accumulated testimony of three witnesses, nowhere contradicted, all of whom corroborate each other, the whole substantiated by the books of the corporation, and all the facts and circumstances point to the truth and correctness of the evidence.

That the court erred in not maintaining the opposition to the claim of the German-American Savings Bank & Trust Company to be paid the full amount of its claim of $1,515, when the goods and merchandise upon which they had a pledge only produced some $900. Your opponent maintaining that the duties and charges should have been deducted and their claim reduced accordingly.

This motion was overruled, and opponent has appealed. James A. Taney opposed the provisional account of the receiver. In his petition of opposition he averred that he is a privileged creditor of the corporation in the full sum of $1,161.69, with 5 per cent. interest thereon from May 19, 1908, until paid, for this, to wit:

Opponent was engaged by said corporation as a salesman at a salary of $125 per month; that opponent at once entered into the duties imposed upon him and rendered the services required; that he continued in said employment up to the time said corporation was placed in the hand of a receiver; and that at the time, May 19, 1908, said corporation was indebted unto opponent in the sum of $1,161.69 as salary, which said amount is still due and unpaid; that he is entitled to a privilege with preference and priority over all other persons, in and to the assets of the

defendant corporation; that he has not been placed on said account filed herein as a privileged creditor. Opponent calls for strict proofs of all items of said account.

In view of the premises, opponent prayed that this opposition be filed; that said account be amended by placing thereon opponent James A. Taney as a privileged creditor of the defendant corporation, Friedrichs, Young & Taney, Limited, in the full sum of $1,161.69 with 5 per cent. interest thereon from May 19, 1908, until paid, and that opponent be paid said sum with preference and priority over all other persons out of the assets of said corporation, and for all costs of this opposition; that the said account be further amended by striking therefrom all items not fully proven to be due, and that all other items be reduced or increased to their proper amounts as the case may be.

This opposition was by judgment of court dismissed. Opponent moved for a new trial on the ground that the judgment was contrary to the law and the evidence; that the said judgment should be set aside and annulled; and that a new trial should be granted for the following reasons, to wit:

That the court erred in disallowing the claim of James A. Taney for $1,161.69 as being for salary past due and unpaid for services rendered within the year immediately preceding the date of the receivership; that the evidence clearly shows that it is nowhere contradicted the services were those of a salesman, and therefore entitled to a privilege under the provisions of article 3214 of our Civil Code.

The court erred in denying this privilege on the ground that the claimant, being a clerk, within the meaning of said article 3214, was at the time an officer and stockholder of the corporation. The privilege granted a clerk cannot be denied the clerk merely because he may have been employed by the corporation in another capacity which carries with it no privileges, and the fact of his being a stockholder would not forfeit or nullify his privileges, are strictly juris and are sacredly guarded by law.

That the books of the defunct corporation do not contradict the testimony of the witnesses as to the validity and correctness of this claim, if said books were kept in any but the usual manner, it was merely a difference in method or system, and does not alter the figures nor the correctness thereof. That the evidence brought out in the trial of this opposition is the accumulated testimony of three witnesses nowhere contradicted, all of whom corroborate each other, the whole substantiated by the books of the corporation, and all the facts and circumstances point to the truth and accuracy of the evidence.

### Opinion.

The account which gave rise to this litigation was merely a provisional account. The judgment rendered by the district court with reference to the disallowance of claims appearing on the account, with the exception of the action taken on the claims of Young, Taney, and Barangue, seems to be one of nonsuit, requiring the necessity of filing a new account with more definite description of the claims appearing thereon supported by additional evidence, rather than one rejecting the items thereon. The language of the court in its opinion transcribed in the transcript is broader than the decree which follows it. We so interpret that judgment. We think the court erred in disallowing the claim of Barangue for services as bookkeeper for the corporation up to the time of its being placed in the hands of a receiver. We think his employment by Young, the president of the corporation, and the salary at which he was employed to be sufficiently shown, as is also the fact that he performed the services for which he was employed during the period claimed.

Payment or partial payment had to be established by those who would set up such defense. If he received more than he admits to have done, that fact was to be shown by those interested in showing it. Barangue's rights are not dependent upon any resolution of a board of directors. The president had the right to have employed him (and he did so) independently of any resolution of the board. The action taken by Young, Taney & Friedrichs just before organizing themselves into a corporation with reference to the after employment of Barangue and the amount he would be paid is corroborative of the fact of employment at the salary claimed. All of the parties saw him at work in their service and know necessarily that he was not giving his services gratuitously. Crusel v. Houssiere Latreille Oil Co., 122 La. 913, 48 South. 322. They had no claim that he should do so. Young testified that he had employed him, and under the circumstances disclosed that fact cannot reasonably be disputed.

The amount due to Barangue is secured by privilege under articles 3214 and 3252 of the Civil Code. The judgment of the district court disallowing the claim of Joseph Barangue, bookkeeper, of $963.50, for services rendered the corporation prior to the time that it went into the hands of a receiver, is hereby annulled, avoided, and reversed, and said claim is ordered to be reinstated on the receiver's account as a privileged claim for that amount.

We next direct our attention to the judgment of the district court disallowing the claim of James Taney placed on the receiver's account as a privileged creditor for $1,-161.89 for services rendered as a salesman for the corporation prior to the time that it went into the hands of a receiver. Taney was a stockholder in the corporation holding $3,000 of paid-up stock. At the organization of the corporation he was selected as its vice president, but without any salary as such. It was contemplated before the corporation was or-

ganized that when it should be organized he should act as a salesman at $1,150 a year, and this he did, and in point of fact rendered those services up to the placing of the corporation in the hands of a receiver. Testimony in the transcript sufficiently establishes in our opinion the fact of his performance of those duties during that time claimed; also, the fact of his employment as salesman at the salary stated, and the reasonableness of the same.

It is not disputed that the services of a salesman were necessary for the purposes of the corporation, nor that some person had to be employed for that duty; if not Taney, then some one else. Neither the corporation nor those who might deal with it had the right to insist that he by virtue of holding stock gives his services gratuitously. Parties dealing with the corporation were bound to know that the corporation had to have in its employ a reasonable number of employés at reasonable rates.

It really worked no difference in their situation whether the particular person who should be employed and who was to be paid was a stockholder or an outsider. Villere v. N. O. Milk Co., 122 La. 750, 751, 48 South. 162. We do not find in this case that, by a sudden move made at the moment of financial difficulties, it was sought by any member of the corporation, through some proceeding then resorted to, to make use of their position to better their position to the prejudice and injury of its creditors. The trial judge seems to have looked upon the fact that the rights of Taney and Barangue were formally recognized not a very long time before the placing of the corporation in the hands of a receiver as suspicious, self-serving, and possibly fraudulent; but the rights of those parties were not dependent upon such recognition at that time, but upon the actual facts and the establishment of the same by sufficient and proper testimony. That was at hand and adduced on the trial independently

of the particular recognition which the district judge viewed with distrust. We do not find that the books of the corporation were offered in evidence.

If, as a matter of law, Taney by being a stockholder could not or should not have been employed as a salesman, or if a stockholder who is likewise an employé of the corporation, and to whom money is due by the corporation for services as such, is bound as a matter of law to stand in the background until all the creditors of the corporation have been paid, as seems to have been decided in some cases in reference to the salary due to the officers of a corporation, then a different question is presented and has to be decided by the court.

Is the legal position taken on that subject by the opposing creditors of this corporation and sustained by the district court correct? Counsel urges that it is not, and cites Villere v. N. O. Pure Milk Co., 122 La. 750, 751, 48 South. 162. Cotton Seed Oil Co. v. Refining Co., 108 La. 74, 32 South. 221; Jones v. Home Oil & Development Co., 124 La. 148, 49 South. 1009; Clark & Marshall, Private Corporations, vol. 2, p. 534; Thompson's Commentaries on the Law of Corporations, vol. 3, pp. 2968–4068.

He claims that a corporation is distinct from the persons who compose them, and that it can legally contract with its stockholders. Civ. Code, art. 435. He claims that a stockholder in a corporation occupies towards its creditors a very different position from that which a partner occupies towards those of the partnership; that there is no direct and immediate relation between a stockholder of a corporation and its creditors which entitles the latter to demand or to expect to receive from the former the giving to them of his time and his services without giving consideration for the same.

We are of the opinion that the district court erred in its judgment in disallowing and dismissing the claim of Taney for services as a salesman. That portion of the judgment is annulled, avoided, and reversed, and it is ordered and decreed that the said claim of Taney is ordered to be reinstated as a privileged claim for the amount thereof.

Friedrichs, one of the incorporators of the corporation, was appointed by the court as auctioneer to sell its property. The first item on the account of the receiver is the proceeds of the sales made by him, less the sum of $1,443 which he retained for his commissions and the alleged incidental expenses for making the sales. This sum, though recognized by the receiver as correct, was contested by the creditors of the corporation.

In the opinion of the trial judge, the fact of Friedrichs being a stockholder precluded him from claiming commissions, and in his opinion a considerable number of the amounts included under the heading of incidental expenses were held by him as not properly constituting auctioneer's charges.

There is nothing going to show that Friedrichs solicited the appointment of auctioneer. He was a regular auctioneer, and his knowledge of the stock of the company was doubtless the cause of his selection. It has been held that a stockholder or officer of a corporation may be legally appointed auctioneer to make a sale of its property. Dupuy v. Delaware Ins. Co. (C. C.) 63 Fed. 680.

If so, there is no good reason why he should not be as much entitled to commissions as any person would be who might perform that duty, or why the amount due him for such services should not stand on the same footing as that held by such third persons. Villere v. New Orleans Pure Milk Co., 122 La. 750, 751, 48 South. 162. The district court erred in holding that Friedrichs was not entitled to commissions as auctioneer. The judgment appealed from, in so far as it disallows the right of Friedrichs to commissions as auctioneer, is annulled, avoided, and reversed.

The creditors of a corporation have, as we

have said, no legal claim to the gratuitous services of stockholders. The trial judge was correct in the conclusion which he reached that the auctioneer was not authorized as such to advertise the sale ordered by the court in more than two papers. The number of newspapers in which advertisements should be inserted, and for how long a time, was not left to be determined by the auctioneer through his discretion and judgment. If additional advertisements had been needed, the matter should at least have been drawn to the attention of the court, and its sanction obtained. Succession of Trouilly, 52 La. Ann. 276, 26 South. 851. The auctioneer could claim payment for no amount greater than that which he himself actually paid for advertising. If the advertisements were obtained for less than the usual rates, the receiver was entitled to the benefit of any rebate or discount given. Succession of Cordeviole, 24 La. Ann. 322; Union Refining Co. v. Pentecost, 79 Pa. 491.

We judge from the brief filed on behalf of Friedrichs that his counsel is under the impression that the effect of the judgment appealed from is to disallow his right to be placed on the account of the receiver as an ordinary creditor for any amount which he may have advanced to assist the corporation. We do not think that such was the intention of the trial judge. If, however, the legal conclusion reached by the district judge was that which counsel apprehends it was, and the judgment appealed from was intended to have the effect of disallowing Friedrichs' right to be placed on the receiver's account as an ordinary creditor for the amounts advanced by him to the corporation, the district court erred, and its judgment in that respect is set aside. The amount which may be due by the corporation to Friedrichs for moneys advanced by him to it is directed to be placed again on the account which the receiver has been ordered to file.

126 La.—23

We are of the opinion that the rights of the German-American National Bank to preference of payment by reason of its holding a pledge upon the merchandise in the United Warehouse and the Delta Warehouse, which goods were separately sold, is limited to the proceeds of such sales so made, less their proportional share of the charges for making the sale thereof, and less the amounts which were necessary to be paid in order to free the merchandise and goods from the pledge and place them in the possession of the auctioneer for the purposes of sale and delivery to the purchasers. As above altered and modified, the judgment appealed from, subject to our construction thereof, as announced herein, is affirmed, and the receiver directed to file a new account as ordered by the district judge in accordance with the views herein expressed.

### On Application for Rehearing.

BREAUX, C. J. Plaintiff, George G. Friedrichs, who is also one of the appellants on the alleged ground that this court, in deciding this cause, omitted to pass upon the question whether or not George G. Friedrichs "is entitled to reimbursement for disbursements legitimately made in handling and disposing of the stock and property which was sold by him as 'auctioneer,'" applies for a rehearing, and he prays that this court amend the judgment and decree by providing that he be placed upon the second account to be filed in the cause.

This court declines to pass upon the question at this time.

If this plaintiff and appellant is entitled to anything in the way of reimbursement for alleged disbursements, in handling property as before stated, that issue will have to be tried in the second or other account to be filed to which he refers in his application for a rehearing. It will not be decided on this application for a rehearing. It will have to

go over to a second account without prejudice to any person to claim that it should be carried on the account and paid, or to any person to urge in opposition any defense.

The application for a rehearing is refused.